### ARRINGTON v. MERCANTILE PROTECTIVE BUREAU, Inc. (No. 747.)

Court of Civil Appeals of Texas. Waco. Feb. 20, 1929.

Rehearing Denied April 4, 1929.

W. W. Mason, of Mexia, for appellant.

B. L. Bradley, of Groesbeck, for appellee.

BARCUS, J. ■ Appellee instituted this suit to recover on two bills of exchange or trade acceptances for $375 each, given by appellant and payable to the Farmers' & Ranchers' Stock Salt Company, Incorporated, or order, each dated May 12, 1927, and due 60 and 90 days, respectively, after date. Appellee alleged that for a valuable consideration before maturity it purchased said bills of exchange or trade acceptances from the Farmers' & Ranchers' Stock Salt Company. The cause was tried to the court, and resulted in judgment being entered for appellee for the amount sued for. The trial court filed findings of fact and conclusions of law. There is no statement of facts in the record. The trial court found that appellee was a holder in good faith without any notice of defects in title of each of said bills of exchange, and without any knowledge of any defenses that appellant had against same. The bills of exchange each contained the statement: "The obligation of the acceptor hereof arises out of the purchase of goods from the drawee."

Appellant contends that the above statement, being embraced in the bills of exchange or trade acceptances, thereby made them on their face nonnegotiable. This identical question was before the Court of Civil Appeals at Dallas in the case of American Exchange National Bank v. Steeley, 10 S.W.(2d) 1038, and it was there held that the above-quoted statement embraced in a trade acceptance or bill of exchange does not destroy its negotiability. The Supreme Court refused a writ of error in said case. We therefore overrule appellant's contention that the instruments were not negotiable.

■■ Appellant further contends that, at the time appellee purchased the second of said trade acceptances, the first one had been dishonored, and by reason thereof appellee was put on notice that the consideration given therefor had failed. We overrule this contention. The trial court's findings of fact are to the effect that appellee did not have any notice of any defects in the title to, nor the defenses claimed by appellant against, or of want or failure of consideration in, either of said bills of exchange or trade acceptances at the time it purchased same. There is nothing in the instruments sued on to show that the two were in any way connected or that they grew out of the same transaction. C. H. Mountjoy Parts Co v. San Antonio Nat. Bank (Tex. Civ. App.) 12

S.W.(2d) 609. Since there is no statement of facts in the record, we are bound by the findings of fact filed by the trial court.

Appellant's assignments of error are all overruled, and the judgment of the trial court is affirmed.