J. D. WHEELER, Receiver for General American Casualty Company, Appellant,

v.

Tony PAVLIC, Appellee.

No. 6037.

Court of Civil Appeals of Texas.

Beaumont.

May 3, 1956.

W. O. Bowers, III, Austin, for appellant.

Faver & Barnes, Jasper, for appellee.

ANDERSON, Justice.

Appellee, Tony Pavlic, brought this suit in the district court of Jasper County to recover on a policy of automobile insurance the amount of a judgment he had theretofore recovered in the same court against one Harvey Adams and to impound and to have applied to his claim money that was on deposit with the clerk of the court in the case in which the judgment against Adams was obtained, which money had been ostensibly deposited with the clerk as a

supersedeas fund to supersede, pending appeal, the judgment that had been rendered against Mrs. Rowena Lindsey Hudiburgh in the same case. By fiat endorsed on plaintiff's petition on the same date the petition was filed, the district judge ordered the clerk to retain possession of said money pending final disposition of the present suit. The defendant filed a plea of privilege seeking a change of venue to Travis County. Subject thereto, he answered by general denial, by a plea of res judicata, and by pleading facts designed to show that appellee had no preferred or special right to the money in question. In addition, defendant filed a motion for summary judgment, pleading therein the same matters he had affirmatively pleaded in his answer. He prayed in both his answer and his motion for summary judgment that the plaintiff take nothing and that the money involved be ordered released to himself. The plaintiff controverted defendant's plea of privilege and a hearing was had on the plea and controverting affidavit on the same day the case was heard on its merits. The plea of privilege was overruled and defendant's motion for summary judgment and the case on its merits were then submitted to the court together, the parties agreeing that the evidence that had been adduced during the hearing of the plea of privilege should be treated as having been reintroduced and as constituting the evidence on which final disposition of the case should be made. The parties also agreed that the evidence presented no fact questions and that only questions of law were involved. The trial court then rendered judgment in favor of the plaintiff and overruled the defendant's motion for summary judgment. The judgment decreed that plaintiff recover of defendant the sum of $2,850—the amount of plaintiff's judgment against Adams— with interest thereon at the rate of six per cent per annum from January 24, 1953, and all costs that plaintiff had incurred in both the Adams suit and the present suit, and that the clerk of the court pay such judgment from the money hereinabove mentioned, the balance of the money, if any, to be paid over to the defendant. The defendant excepted to the judgment and thereafter took steps to perfect an appeal to this court. He filed neither an appeal bond nor a supersedeas bond but appears to have employed the stratagem of redepositing with the clerk or of reassigning to him the same money that is in litigation, thereby intending to comply with Rule 354, Texas Rules of Civil Procedure, regarding a deposit for costs and with Rule 364(a) and (h) regarding a deposit to supersede the judgment of the trial court pending appeal. The clerk has certified that appellant has on deposit with him the sum of $3,873.40 and that by depositing this sum, which the certificate identified as being the same money that is in litigation, appellant has complied with the aforesaid rules. No objection to the procedure has been made by appellee.

In response to a request by the defendant, who is the appellant here, the trial court filed findings of fact and conclusions of law. The findings of fact will be summarized.

Having sustained personal injuries and property damage as the result of a collision between his automobile and one driven by Harvey Adams but owned by Mrs. Rowena Lindsey Hudiburgh, appellee sued both Adams and Mrs. Hudiburgh, proceeding against Mrs. Hudiburgh under the doctrine of respondeat superior. General American Casualty Company, with whom Mrs. Hudiburgh carried public liability insurance on her automobile, assumed responsibility for defending the suit. On January 24, 1953, appellee recovered judgment against both Adams and Mrs. Hudiburgh, jointly and severally, for the sum of $2,850 and costs of suit, the judgment to bear interest from its date at the rate of six per cent per annum. Both of the defendants appealed from the judgment. Adams filed an affidavit of inability to pay the costs of an appeal or to give security therefor. In lieu of an appeal and supersedeas bond for Mrs. Hudiburgh, General American Casualty Company deposited with the clerk of the trial court the sum of $4,200, as is provided for by Rules 354 and 364, T.R.C.P. The clerk's certificate which accompanied the record on appeal recited that Mrs. Hudiburgh had such sum on deposit and further

recited the following: "This amount is entirely paid by Rowena Lindsey Hudiburgh and may be applied only on the costs and final judgment rendered against her and shall in no event be used to pay the costs of judgment rendered against the other defendant, Harvey Adams, if any there shall be." When the appeal was heard, the judgment of the trial court was affirmed as to Adams and was reversed and rendered as to Mrs. Hudiburgh. Hudiburgh v. Palvic, Tex.Civ.App., 274 S.W.2d 94. This court held that there was no evidence to show that Adams was acting within the course and scope of his employment at the time the collision occurred. The judgment of this court became final and a mandate was issued to the clerk of the trial court. The clerk of the trial court did not immediately upon receipt of the mandate remove the case from the docket and proceed to issue process to enforce the judgment, as Rule 369, T.R.C.P., provides shall be done, and when this suit was filed still had in his possession $3,873.40 of the $4,200 originally deposited by General American Casualty Company as above set out. The difference between the two sums had apparently been applied toward payment of the costs of appeal of the damage suit.

A final judgment in Cause No. 98764, The State of Texas v. General American Casualty Company, was rendered July 8, 1954, by the district court of the 126th Judicial District, Travis County, placing General American Casualty Company in receivership for the purpose of liquidation, appointing J. D. Wheeler receiver, adjudging all property and assets of the company to be in custodia legis, and restraining all persons from interfering in any manner with the receiver in the discharge of his duties. The case at bar was thereafter filed July 12, 1954, against the receiver, and its subsequent history has been as above outlined. After the case had been filed, the receiver made demand on the clerk of the district court of Jasper County for return of the $4,200 General American Casualty Company had deposited in connection with the damage suit, and the demand was refused.

Appellee had sued upon Mrs. Hudiburgh's policy of insurance, on the theory that Adams was driving with Mrs. Hudiburgh's permission at the time of the collision and was therefore insured under the policy. The policy contained a provision as follows: "With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

The trial court specifically found as a fact that at the time of the collision Adams was driving with Mrs. Hudiburgh's permission, and concluded that Adams was an "insured" under the policy.

Appellant has brought forward three points of alleged error and point three will be discussed first. Under it, appellant urges that this court's holding that there was no evidence in the original damage suit against Adams and Mrs. Hudiburgh to show that at the time of the collision Adams was acting within the course and scope of his employment as an employee of Mrs. Hudiburgh's was the equivalent of a holding that Adams was driving without Mrs. Hudiburgh's permission and that such holding was therefore res judicata of the present action. We are unable to agree with this contention, even if appellant's pleadings are treated as raising the defense of estoppel by judgment. There is not necessarily any conflict or inconsistency between a finding that in driving an automobile of his employer's a servant was not, at a particular time and place, acting within the course and scope of his employment and a finding that at the particular time and place the servant was nevertheless driving with the employer's consent or permission. This question was not involved in the cases of Olgin v. Employers Mut. Casualty Co., Tex.Civ.App., 228 S.W.2d 552, and Salitrero v. Maryland Casualty Co., Tex. Civ.App., 109 S.W.2d 260, both of which are cited and relied upon by appellant. Those cases go no further, in final analysis, than to hold that the mere fact that a vehicle is shown to have been entrusted into the custody of a person to be driven for specified purposes does not establish as a

matter of law that irrespective of the purpose for which the vehicle is being driven by the one to whom it has been entrusted the driver is acting with permission within contemplation of the policy provision under consideration. Although not acting within the course and scope of his employment so as to render Mrs. Hudiburgh liable under the doctrine of respondeat superior, Adams may yet have had the implied permission of Mrs. Hudiburgh to drive the automobile on a mission that was exclusively his own. Except in the indirect manner indicated, appellant has not attacked the finding that Adams was driving with permission as being without support in the evidence, and he is in no position to do so, because no statement of facts has been brought forward. Arrington v. Mercantile Protective Bureau, Tex.Civ.App., 15 S.W.2d 663, affirmed Tex.Com.App., 24 S.W.2d 383; Hall v. Dodson, Tex.Civ.App., 278 S.W.2d 558, and the cases therein cited. This court is bound by the trial court's finding of fact, and, since Adams was driving with Mrs. Hudiburgh's permission when the collision occurred, he was an insured under the policy of insurance declared upon. Appellant's third point is accordingly overruled.

By his first point appellant complains of the trial court's action in ordering the money which was in the hands of the clerk in the original damage suit applied to the payment of appellee's judgment in the case at bar, and by his second point he complains of the court's failure to order the money released to him on his motion for summary judgment. Appellee takes the position that the questions thus presented have been rendered moot by appellant's act in redepositing the money with the clerk or of reassigning it to him as a supersedeas fund in the present case. While the ultimate result may be the same, we are unable to agree that the questions have become moot. Furthermore, we are of the opinion that the trial court exceeded its authority and committed error in ordering the money applied to the payment of the judgment in the case at bar. The money was originally deposited only for the purpose of perfecting Mrs. Hudiburgh's appeal and of superseding the judgment that had been rendered against her, and when the judgment against her was reversed and rendered and had become final and the mandate had been returned to the trial court, appellant became entitled to have the money released and paid over. No writ of garnishment or other remedy authorized by law was resorted to by appellee for the purpose of subjecting the particular money to the payment of his debt, and we are of the opinion that the trial court was without legal authority in the circumstances to order it applied to the payment of the judgment. However, we are not in position to render judgment that the money be now paid over to appellant The clerk of the trial court, into whose custody the money was originally paid, is not a party to the action and we are of the opinion that neither the trial court nor this court has gained legal control of the money. Furthermore, appellant has by his own voluntary action changed the status of the fund since the judgment of the trial court was rendered, and this fact is reflected by the record in the case. Since the trial court was without legal authority over the money at the time it rendered judgment, we are of the opinion that no reversible error is presented by its order overruling appellant's motion for summary judgment. To the extent that it affirmatively orders a part of the money paid over to appellee, the judgment will be reformed so as to eliminate the unauthorized portion, but without prejudice to such rights as appellee has acquired to the money as a result of its having been reassigned to the clerk by appellant as a supersedeas fund in the present appeal.

The judgment of the trial court is accordingly reformed so as to eliminate therefrom the following:

"And it appearing unto the court that General American Casualty Company has heretofore deposited with the District Clerk of Jasper County, Texas, the sum of Four Thousand Two Hundred and No/100 Dollars ($4,200.00) as supersedeas deposit to protect plaintiff in the collection of any judgment that may be had against General American Casualty Company and that of the

said supersedeas deposit of $4,200.00 there still remains in the custody of the District Clerk of Jasper County, Texas, the sum of Three Thousand Eight Hundred Seventy-three & No/100 Dollars ($3,873.00) which sum is now being held in custodia legis, and in trust, or as a pledge to secure the plaintiff in the collection of this judgment.

"It is therefore ordered, adjudged and Decreed by the court that the said District Clerk of Jasper County, Texas pay this judgment from the said proceeds of the supersedeas deposit and that the balance remaining in her possession over and above the amount of this Judgment be transferred by her to the defendant; whereupon, this judgment will become a fully paid and satisfied Judgment, and no execution shall issue thereon."

As so reformed, the judgment of the trial court is affirmed.