**Wesley S. SIMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38012.**

Court of Criminal Appeals of Texas.

May 12, 1965.

Rehearing Denied June 16, 1965.

John W. Flanagan, Sam Houston Clinton, Jr. (amicus curiae brief), Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was convicted in the Corporation Court of the City of Austin of the offense of loitering. Appeal was taken to the County Court at Law Number 2, of Travis County, the trial before a jury resulting in a finding of guilt and the imposition of a fine of $200.00.

The statement of facts in the record certifies that it is "essentially the evidence adduced in the trial of this cause, and that it is expressly agreed that the said attached statement of facts is correct insofar as it could be taken from the recordings of said trial, except for those obvious omissions in the text apparent in the continuity of the reading of same". This cer-

tificate clearly shows that the statement of facts does not contain all of the evidence adduced upon the trial. The informal bills of exception, several being presented by appellant, cannot be appraised without a complete statement of facts. Booker v. State, 171 Tex.Cr.R. 667, 352 S.W.2d 752. For like reason the question of the sufficiency of the evidence to sustain the conviction is not before us.

■ Appellant complains that the trial court erred in overruling his various motions to quash the complaint. We have examined them with care and find no exception to the trial court's order overruling any of them. Under Art. 760e, Vernon's Ann.C.C.P., the motions to quash cannot be considered in the absence of an exception to the trial court's order overruling them. Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362; Castaneda v. State, 170 Tex. Cr.R. 323, 340 S.W.2d 489.

■ Appellant makes an exhaustive attack upon the constitutionality of the ordinance under which his prosecution was brought and conviction obtained. The ordinance in question reads as follows:

"It shall be unlawful for any person within the corporate limits of the city to be in the nighttime in or about public or private buildings or premises, where he has no right or permission to be, under suspicious circumstances, and without being able to give a satisfactory account of the same."

The complaint, omitting the formal parts, charges that appellant

"then and there under suspicious circumstances and without being able to give a satisfactory account of the same and in the nighttime did unlawfully go into and about *private premises and a private building, not his own,* located at 1000 Block East 12th Street in the City of Austin, Texas, where he had no right or permission to be, contrary to Section 21.8 of the Austin City Code of 1954."

We do not agree that such ordinance as applied to private premises places an unreasonable restraint upon personal liberty in making it unlawful for one to be or to go into and about private premises and a private building, not his own, where he had no right or permission to be, in the nighttime, under suspicious circumstances and without being able to give a satisfactory account of the same. The net effect of appellant's contention is that a city cannot make it unlawful for a loiterer or "Peeping Tom" to be upon the writer's premises or in the writer's home at nighttime without consent. As here applied the ordinance is definite because it requires that the act must be at nighttime on private premises and a private building one has no right to be on or upon where one has no consent to be. We feel it not unreasonable to assume that a loiterer knows when he loiters upon private premises of another when he does not have consent. We think the municipalities of this state have perhaps thwarted citizens from taking the law into their own hands by enacting such ordinances in an area where our Legislature has not acted. Such ordinances are wholesome. It is clear to us that nighttime is not indefinite as appellant argues. Art. 1396, Vernon's Ann. P.C. (under the burglary section) defines daytime as being from thirty minutes before sunrise until thirty minutes after sunset. Substantially the same definition is contained in other statutes. We do not feel that appellant's position is well taken. To us the ordinance as here applied is not indefinite. It is a reasonable exercise of the police power and is not unconstitutional.

While appellant relies heavily upon the case of Ex Parte Mittelstaedt, 164 Tex.Cr. R. 115, 297 S.W.2d 153, we do not think that case to be in point with the case at bar. The ordinance in Mittelstaedt's case provided that it was unlawful for any person to loiter within 250 feet of any public or private school or any public building. This Court, on motion for rehearing, held:

"The ordinance is not in conflict with the vagrancy statute but is ineffectual

and invalid as an unreasonable restraint upon personal liberty."

We were there dealing with a different set of facts in that the ordinance restrained the movement of individuals within 250 feet of any public or private school or any public building. Here we are dealing with the movement of individuals into and about private premises without the limitation of 250 feet. We feel that an individual such as appellant, who comes within the terms of an ordinance as he has here done, loses none of his individual rights merely because he might be able to extricate himself from the position that he has placed himself in by merely giving a satisfactory explanation or account of his presence. Any member of the public not an intruder would readily disclose his identity to a private property owner rather than to get shot as a burglar or a prowler. We think it not unreasonable to impose such a requirement in the application of an ordinance of this type.

Finding no reversible error, the judgment is affirmed.