Dwayne Edward HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 56991.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 19, 1979.

Rehearing Denied June 17, 1981.

Hugh S. Lowe, Austin, for appellant.

James L. McMurtry, County Atty., Nate Stark and J. D. Ewald, Asst. County Attys., Austin, Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of less than two ounces of marihuana. Punishment was assessed at a $100.00 fine and five days in jail, and appellant was placed on probation for twelve months.

On the evening of February 5, 1977, appellant and two female companions were in an area behind the Everett Hardware Store in Austin at 9:40 p. m., lying in leaves, when they were approached by a city police officer investigating noises he heard from that area. The officer asked the group what they were doing there and one of the girls answered, "Nothing." They were all ordered against the wall of the building so they could be frisked. Appellant was then asked what he was doing there, and he said he was drinking beer. When asked if he

had ever been arrested before, he said yes he had, for burglary. All three were then placed under arrest for loitering under Austin City Ordinance 23–9. After they were arrested and placed in the police car, a baggie of marihuana was taken from appellant's right sock.

■ In his first ground of error appellant challenges the denial of his motion to suppress, contending the contraband was recovered as a result of an unlawful arrest under an unconstitutional municipal ordinance. The ordinance under challenge provides:

> "It shall be unlawful for any person within the city to be in the nighttime in or about public or private buildings or premises, where he has no right or permission to be, under suspicious circumstances, and without being able to give a satisfactory account of the same."

This ordinance in substantially the same form was approved over challenges to its constitutionality in *Sims v. State*, 391 S.W.2d 63 (Tex.Cr.App.). In that opinion, however, we neglected to consider the vagueness of the element of this offense of "without being able to give a satisfactory account of the same." This standard, we find, is patently unconstitutional on its face, because it is "in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . . ." *Baker v. State*, 478 S.W.2d 445, 449 (Tex.Cr.App.) quoting *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

There is no statutory designation of what would constitute a "satisfactory account." In practice, such a standard delegates unguided and unrestrained discretion to the arresting officer to decide what answers given by a potential arrestee are "satisfactory account[s]" and which are not. The result is that the ordinance not only

"[l]ack[s] intelligible standards to guide those charged with its enforcement" (*Baker v. State*, supra), but in fact affirmatively assigns to the arresting officer the legislative responsibility to give content and meaning to the ordinance by defining one of its elements with the "fill in the blank" standard that makes the scope of offending conduct a product of the officer's subjective determination of whether he finds the detainee's account of the circumstances in which he is found, to be, in the officer's judgment, satisfactory.[1]

■ Having found the ordinance under which appellant was arrested to be patently unconstitutional on its face, we must determine whether the contraband seized pursuant to that arrest should have been suppressed by the trial court.

In the recent decision in *Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343, the Court announced a rule permitting the introduction of evidence seized pursuant to an arrest under a law then in force, even though it is subsequently declared unconstitutional. The Court, however, did recognize "the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." What law could be more grossly and flagrantly unconstitutional than one that leaves to the arresting officer the task of giving content to one element of the offense, and of deciding the scope of the ordinance's prohibition, according to his own judgment of what constitutes a "satisfactory account" by the potential defendant? We hold the ordinance under which appellant was arrested exhibits a vagueness obvious to "any person of reasonable prudence," and the evidence should have been suppressed.

---

1. The ordinance is not susceptible of a narrowing construction by severing the invalid language, as was done in *Delorme v. State*, 488 S.W.2d 808 (Tex.Cr.App.). "[I]f one element of a single offense is found constitutionally defective, the offense must fall, because to sever the single element would broaden the scope of the statute, prohibit new conduct not prohibited by legislative act, and violate the legislative intent. The courts would be creating a new offense, prohibiting conduct not theretofore an offense." *Hixon v. State*, 523 S.W.2d 711, 717 (Tex.Cr.App.) (concurring opinion).

Alternatively, we note that in *Baker v. State*, supra, a knife seized incident to an arrest under an unconstitutional vagrancy statute was ordered suppressed in a prosecution for unlawfully carrying a switch-blade knife. We reaffirm the soundness of the Baker rule as a matter of state law, independently of the standard announced in *DeFillippo*, supra, and hold that the evidence seized incident to an arrest under an unconstitutional law is excludable under Texas law. See, Art. 1, Sec. 19, Texas Constitution; Art. 38.23, V.A.C.C.P.

Because the trial court erred in denying appellant's motion to suppress, the ground of error is sustained.

The judgment is reversed and the cause remanded.

ONION, P. J., and DOUGLAS, TOM G. DAVIS and DALLY, JJ., dissent.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission the Court found an essential element of the ordinance denouncing "loitering," Section 23–9, Austin City Code of 1967, upon which the officer based his authority to arrest appellant, to be impermissibly vague. In its motion for rehearing the State concedes that the ordinance is "facially unconstitutional," but argues that it is not "so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws," as the Court held it was in excluding fruits of the search of the person of appellant following illegal arrest.

The Court now reaffirms the finding and holding on original submission in that regard. We write only to address a contention advanced by the State with respect to the independent alternative holding of the Court on the exclusive basis of state law.[1]

Discerning that *Baker v. State*, 478 S.W.2d 445 (Tex.Cr.App.1972)—from which the Court drew much support—cited two opinions of the Supreme Court of the United States for one of its holdings,[2] the State would have it that *Baker* was "bottomed on the federally forged 'Exclusionary Rule';" *ergo*, the holding noted in the margin below is likewise circumscribed by the "good faith" doctrine of *Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Whatever merit the contention may have were we functioning solely under the exclusionary rule established against the states by *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) we need not and do not decide today.

The prior opinion makes abundantly clear that the "*Baker* rule" is sound "as a matter of state law" and independently holds that "evidence seized incident to an arrest under an unconstitutional law is excludable under Texas law." Our own statutory exclusionary rule [3] was enacted and its constitutional bases [4] were adopted long before *Mapp v. Ohio*, supra, and *Gonzales v. State*, 148 Tex.Cr.R. 401, 187 S.W.2d 910 (1945), is but one example of their early

---

1. Appellant has filed a motion to vacate grant of rehearing, invoking his construction of Court Rule 12(d). Though the original submission was to a panel of the Court, the importance of the issues raised warranted consideration by the full Court; it rendered the only opinion handed down. Rule 12(d) is not applicable. The motion to vacate is denied.

2. *Baker v. State*, supra, at 449:
   "The arrest of appellant being invalid, the trial court erred in overruling appellant's motion to suppress the fruits of that search. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Beck v. Ohio*,

379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)."

3. Article 38.23, V.A.C.C.P., along with a series of related measures by the Thirty ninth Legislature to protect against unconstitutional invasions of privacy, dates back to its original enactment in 1925. See *Sherow v. State*, 105 Tex.Cr.R. 650, 290 S.W.2d 754 (1927) making first application of our own exclusionary rule and marking the demise of *Welchek v. State*, 93 Tex.Cr.R. 271, 247 S.W. 524 (1922).

4. Article I, §§ 9 and 19, Bill of Rights, Constitution of 1876.

viability.[5] Today we confirm the continued vitality of the Texas exclusionary rule by rejecting the argument made by the State.

The State's motion for rehearing is denied.

W. C. DAVIS, Judge, dissenting.

The old saying that "the criminal goes free because the Constable erred" is enlarged by this case to situations where the Constable does not err. On original submission, a majority of this Court held that the City of Austin vagrancy statute was unconstitutional and that evidence seized in a search incident to an arrest under that unconstitutional ordinance was inadmissible. I agree that the original opinion was correct in holding the Austin vagrancy statute unconstitutional, but I write to disassociate myself from the Court's misapplication of *Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) and *Baker v. State*, 478 S.W.2d 445 (Tex.Cr.App.1972). In the opinion on original submission, it is offhandedly stated,

> "The [Supreme] Court [in *DeFillippo*], however, did recognize 'the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws'. What law could be more grossly and flagrantly unconstitutional than one that leaves to the arresting officer the task of giving content to one element of the offense, and of deciding the scope of the ordinance's prohibition, according to his own judgment of what constitutes a 'satisfactory account' by the potential defendant?"

This apparently rhetorical question leaves the impression that this statute fits within the "grossly and flagrantly unconstitutional" exception referred to in *DeFillippo*.[1] The isolation and application of this "exception" is clearly not what was intended by the Supreme Court in *DeFillippo*.

In *DeFillippo*, supra, the Supreme Court addressed the identical issue which is now before this Court. In that case, the defendant was seen in an alley at 10:00 p. m. with a woman who was in the process of taking her pants down. Police were called to the location after having received a call concerning intoxicated persons. The defendant was arrested under a Detroit city ordinance which provided:

> "When a *police officer has reasonable cause to believe that the behavior of an individual warrants further investigation for criminal activity, the officer may stop and question such person.* It shall be unlawful for any person stopped pursuant to this section to refuse to identify himself." (Emphasis added)

This statute, like the City of Austin statute,[2] suffers from the same infirmity referred to on original submission as "leav[ing] the arresting officer the task of giving content to one element of the offense." The Detroit ordinance was found to be unconstitutional subsequent to DeFillippo's arrest, yet, the determination of the statute's unconstitutionality did not foreclose the issue of the admissibility of evidence seized pursuant to an arrest under that statute.

DeFillippo was arrested pursuant to this ordinance when he refused to identify himself. A search subsequent to this arrest

---

**5.** "This cause will be reversed and remanded because of the admission of the testimony relative to what was found upon appellant's person, same having been found by virtue of his unlawful arrest without a warrant, Art. 727a, C.C.P. (1925)..."

**1.** It is interesting, as the State observes in its motion for rehearing "that the portion of the ordinance now held to be unconstitutional was not so grossly and flagrantly unconstitutional *as to command the attention of the Honorable Judges of this Court in 1965. The cop on the

beat in 1977 should not be held to a standard which was too high for the Judges in 1965." See *Sims v. State*, 391 S.W.2d 63 (Tex.Cr.App. 1965).

**2.** The ordinance provides:
"It shall be unlawful for any person within the city to be in the nighttime in or about public or private buildings or premises, where he has no right or permission to be, under suspicious circumstances, and without *being able to give a satisfactory account of* the same."

revealed a package of marihuana in his pocket. DeFillippo was not charged with violation of the ordinance, but was charged with possession of the marihuana, as was the appellant in this case.

The Supreme Court first recognized the established principles that: (1) an officer may search without a warrant a person *validly* arrested, (2) the constitutionality of a search incident to an arrest does not depend on whether there is an indication that the person possessed evidence or weapons; rather, the fact of the lawful arrest, standing alone authorizes a search.

The Supreme Court next turned to the issue of whether an arrest made under a statute, which was subsequently declared to be unconstitutional, was a *valid* arrest. The Court identified the issue as follows:

> "Whether an arrest made in good faith reliance on an ordinance, which at the time had not been declared unconstitutional, is valid regardless of a subsequent judicial determination of its unconstitutionality."

Turning to the facts in *DeFillippo*, the Supreme Court found that the police officer had abundant probable cause to believe that DeFillippo was committing an offense. The Court stated:

> "A prudent officer, in the course of determining whether defendant had committed an offense under all the circumstances shown by the record, should not have been required to anticipate that a court would later hold the ordinance unconstitutional.
>
> Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—*with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.* Society would be ill served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement." (Emphasis added)

The Supreme Court held that the subsequently determined invalidity of the Detroit ordinance on vagueness grounds did *not* undermine the validity of the arrest made for violation of that ordinance, and that the evidence discovered in the search should *not* have been suppressed.

On rehearing, this court reaffirmed the position taken that the evidence seized was inadmissible because the Austin ordinance fit the *DeFillippo* "grossly and flagrantly unconstitutional" exception, in that it allowed the arresting officer to determine whether the person arrested had given the officer a "satisfactory account" of his presence. The Detroit ordinance also allowed the arresting officer the "unguided and unrestrained" discretion to determine whether the "given behavior warrants further investigation." The Detroit statute, as did the Austin ordinance, lacked intelligible standards to guide those charged with its enforcement; however, the Supreme Court did not find that it was "grossly and flagrantly" unconstitutional.

The other case upon which the Court bases its holding is *Baker v. State*, supra. In that case, the Court held that it was error not to suppress the knife seized as a result of an arrest authorized by an unconstitutional vagrancy statute. However, the cases upon which *Baker* relies for this proposition are distinguishable from the law applicable in this case. Whether or not *Baker* was "bottomed on the federally forged 'Exclusionary Rule'", this Court stated therein:

> "The arrest of appellant being invalid, the trial court erred in overruling appellant's motion to suppress the fruits of that search. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)."

The Supreme Court in *DeFillippo* distinguished its holding in that case from the line of cases, such as *Sibron v. New York*, supra, which held to be unconstitutional statutes which *authorized the search of a person without probable cause* and without a valid warrant. The Court said in such cases, the Exclusionary Rule required sup-

pression of evidence obtained as a result of a search pursuant to an unconstitutional statute. The Supreme Court illustrated the distinction to be made in these cases in *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). The Court stated in footnote 11 of that opinion:

"Our decision last Term in *Michigan v. DeFillippo*, [supra], does not point in a different direction. There we held that the Fourth and Fourteenth Amendments had not been violated by an arrest based on a police officer's probable cause to believe that the suspect had committed or was committing a substantive criminal offense, even though the statute creating the offense was subsequently declared unconstitutional. Here, the police officers acted on the strength of Ill.Rev.Stat., ch. 38, Sec. 108–9, but that statute does not define the elements of a substantive criminal offense under state law. The statute purports instead to authorize the police in some circumstances to make searches and seizures without probable cause and without search warrants. This state law, therefore, falls within the category of statutes purporting to authorize searches without probable cause, which the Court has not hesitated to hold invalid as authority for unconstitutional searches. See, e. g., *Torres v. Puerto Rico*, 442 U.S. 465, 99 S.Ct. 2425, 61 L.Ed.2d 1; *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596; *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, . . ."

In *Ramsey v. State*, 579 S.W.2d 920 (Tex. Cr.App.1979), this Court, quoting from *Almeida-Sanchez*, supra, stated,

"If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment."

In this case, where the police officer made a valid arrest, under an ordinance, which at that time had not been declared unconstitutional, the evidence seized as a result of the search subsequent to the arrest is not rendered inadmissible through application of *Michigan v. DeFillippo*, supra.

Article I, Sec. 9 of the Texas Constitution provides:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near may be, nor without probable cause, supported by oath or affirmation."

As the Interpretive Commentary to this Section notes:

"This section does not guarantee against all searches and seizures, but only where the acts of the government constitute an unreasonable search and seizure. *The term 'unreasonable' is not defined, therefore, what is reasonable or not becomes a judicial question.*" (Emphasis added)

Apparently, under the holding of the majority in this case, the determination that a statute is unconstitutional subsequent to an arrest and search under that statute causes the "unreasonableness of a search" to attach and relate back to the time of the search.

I dissent.

TOM G. DAVIS, DALLY and McCORMICK, JJ., join in this dissent.