William Goldapp, Jr., Houston, for appellant.

Aloysius M. Wickliff, Houston, for appellee.

Before BROWN, C. J., and PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a judgment ordering that defendant Riverside National Bank ("Riverside") retain its lien against plaintiff Mitchell's property in the amount of $3,548.00 and ordering a default judgment in favor of Mitchell against defendant Naylor in the amount of $3400.00. Mitchell contends the court erred in determining the amount of the lien, Riverside's recovery on the note being subject to any defenses available to Mitchell under the contract. We agree and reform and affirm the judgment.

On June 27, 1973, Mitchell executed a builder's and mechanic's lien contract and a

**Larfavor MITCHELL, Appellant,**

v.

**RIVERSIDE NATIONAL BANK,**
Appellee.

No. A2572.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 18, 1981.

Rehearing Denied April 8, 1981.

note, both in the amount of $4,435.00 and payable to Naylor, a contractor, for the construction of certain improvements to the property the subject of the lien. Prior to the note's maturity Naylor assigned it to Riverside for $3,548.00 and began, but never completed, the improvements. Mitchell subsequently hired another contractor to complete the improvements at a cost of $3400.00. When Mitchell refused to pay Riverside the principal and interest due and owing on the assigned note, Riverside filed its lien against Mitchell's property. Mitchell thereafter filed suit against Naylor and Riverside to clear title to the property. Naylor, though served, failed to answer the suit. In its first amended answer, Riverside alleged assignment of the note by Naylor for $3,548.00, nonpayment by Mitchell and accrued interest on the note of $2,010.53, requesting judgment of $5,558.53 against Mitchell.

The terms of the note include that it is payable on or before ninety days from its date or upon completion of the improvements provided for in the lien contract, whichever occurred first, and that payment of the note is secured by the lien created in the lien contract and "is subject to and governed by said contract, which is hereby expressly referred to, incorporated herein and made a part hereof. . . ." The lien contract provides that in the event the improvements for any reason are not completed, the owner and holder of the note shall have a lien against the property for the contract price less the cost to complete the improvements according to the contract.

 Mitchell contends that the quoted language making reference to the contract burdens the note with the conditions of the contract, thereby making the note non-negotiable and subjecting recovery on the note to any defenses available under the contract. We agree. Use of the terms "subject to and governed by" in referring to an extrinsic contract in an otherwise negotiable instrument destroys the negotiability of the instrument and renders the instrument burdened by the terms within the extrinsic contract. *American Exchange Nat. Bank v.*

*Steeley*, 10 S.W.2d 1038, 1039 (Tex.Civ. App.-Dallas 1928, writ ref'd).

The face amount of the note being $4,435.00 and the cost of completion being stipulated by the parties to be $3,400.00, we hold that Riverside has a lien against Mitchell's property for $1,035.00, plus interest at the rate of ten percent per annum from September 25, 1973, the date the note was due, until paid. In so holding we are not deciding whether Riverside will ever be able to secure a judgment against Mitchell for the balance due under the terms and provisions of the note and contract. We should point out that although Riverside in its first amended answer requested judgment against Mitchell on the note, it did not file a counterclaim against Mitchell to recover thereon and the judgment rendered by the trial court did not grant or deny such recovery. Riverside has not appealed from that judgment.

We do not decide whether Riverside's recovery on the note and contract is barred by the statute of limitations, the compulsory counterclaim rule of Tex.R.Civ.P. 97(a) or any other defenses which might preclude Mitchell's liability on the note and contract. We are limited on this appeal to a determination of the validity and amount of Riverside's lien.

We reform the judgment of the trial court to reflect that Riverside's lien be retained in the amount of $1035.00 plus interest thereon at the rate of ten percent per annum from September 25, 1973, until paid, and affirm the judgment as so reformed. Tex.R.Civ.P. 435. Additionally we affirm that portion of the judgment granting Mitchell judgment against Naylor for $3400.00.