**Jack Monroe BAKER, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**Chad Michael Britt, Appellant,**

v.

**State of Texas, Appellee.**

**No. 11–99–00320–CR, 11–99–00321–CR.**

Court of Appeals of Texas, Eastland.

June 28, 2001.

---

40. *Wal–Mart Stores,* 929 S.W.2d at 527.

41. *Mitre v. Brooks Fashion Stores, Inc.,* 840 S.W.2d 612, 620 (Tex.App.—Corpus Christi 1992, writ denied).

Robert F. Watson, Mineral Wells, for appellant.

Tim Ford, Dist. Atty., Palo Pinto, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J., and McCLOUD, S.J.*

Opinion

AUSTIN McCLOUD, Senior Justice (Assigned).

The issue in these two cases is the constitutionality of TEX. TRANSP. CODE § 544.011 (1999) that directs the words to be used on a "left lane for passing only" highway sign.

Jack Monroe Baker, Jr. and Chad Michael Britt each pleaded guilty to aggravated possession with intent to deliver more than 200 grams but less than 400 grams of methamphetamine. The trial court assessed Baker's and Britt's punishments at confinement for 25 years and a fine of $2,500 each. Baker and Britt both appeal the denial of their pretrial motions to suppress evidence. We affirm.

On April 17, 1999, Garry Allen, a highway patrolman employed by the Texas Department of Public Safety, stopped a westbound automobile being driven by Baker on Interstate Highway 20. The highway was a four-lane divided highway with two lanes westbound and two lanes eastbound. Britt was seated in the front passenger's seat of the automobile. Britt owned the vehicle. After stopping the car, as Officer Allen was standing next to the vehicle talking with Baker and Britt, the officer saw a plastic baggie under the right front

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland    sitting by assignment.

passenger's seat. Officer Allen could see the clear baggie without "intruding [his] body into the car." The officer testified at the suppression hearing that, when he looked at the baggie, he observed a "brownish, rock-type substance" which he had seen on many occasions and that, based on his experience and training, he believed the substance was methamphetamine.

Officer Allen testified that, as he was driving west in the outside lane of the highway at a low rate of speed, he observed the automobile being driven by Baker in his rear-view mirror coming up behind the officer in the westbound left inside lane. The vehicle was also traveling at a low speed. After passing Officer Allen, the automobile being driven by Baker did not timely move to the right-hand lane but continued to travel in the left lane. Officer Allen testified that the automobile continued to travel in the left lane after passing the officer for a "quarter to half a mile or three quarters of a mile" before the officer stopped the vehicle. Officer Allen was the only person who testified at the pretrial suppression hearing.

There was a highway sign facing westbound traffic located approximately 6 miles before the place where the officer stopped the vehicle. The sign stated: "Left Lane For Passing Only."

At the time of the incident, Section 544.011 [1] provided:

> If, on a highway having more than one lane with vehicles traveling in the same direction, the department or a local authority places a sign that directs slower traffic to travel in a lane other than the farthest left lane, the sign must read "left lane for passing only."

Section 541.304 [2] provides that an "[o]fficial traffic-control device" "means" a "sign" that is used to regulate, warn or guide traffic. Section 544.004 states that the operator of a vehicle shall comply with an applicable "official traffic-control device." Section 542.301 provides that a person commits a misdemeanor offense, unless otherwise provided, if the person "performs an act prohibited or fails to perform an act required by this subtitle."

Baker and Britt cite *Howard v. State,* 617 S.W.2d 191 (Tex.Cr.App.1981), to support their contention that the trial court erred in denying their motions to suppress the methamphetamine observed in the car because Officer Allen stopped their automobile pursuant to an unconstitutional statute. The thrust of their argument is that the traffic-control device that is authorized by Section 544.011 is unconstitutionally vague.

The court in *Adley v. State,* 718 S.W.2d 682, 685 (Tex.Cr.App.1985), while discussing a vagueness contention, said:

> A statute which forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to it application violates the first essential of due process of law. *Connally v. General Const. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Passmore v. State,* 544 S.W.2d 399 (Tex. Cr.App.1976); *Baker v. State,* 478 S.W.2d 445 (Tex.Cr.App.1972); *Ex Parte Chernosky,* 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949).

> A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated

---

**1.** Effective September 1, 1999, the introductory paragraph substituted "Texas Department of Transportation" for "department."

**2.** A reference to a section in this opinion refers to the appropriate section of the Transportation Code.

conduct is forbidden by the statute," *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954), or if it "encourages arbitrary and erratic arrests and convictions." *Papachristou, supra; Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Herndon v. Lowry*, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937). Either is an independent ground. See also, *Goocher v. State*, 633 S.W.2d 860 (Tex.Cr.App.1982); *Bates v. State*, 587 S.W.2d 121 (Tex.Cr.App.1979); *McMorris v. State*, 516 S.W.2d 927 (Tex.Cr.App. 1974).

The issue of vagueness was discussed in *Bynum v. State*, 767 S.W.2d 769, 773 (Tex. Cr.App.1989), where the court stated:

As a fundamental proposition, all criminal laws must give notice to the populace as to what activity is made criminal so as to provide fair notice to persons before making their activity criminal. The rationale for this is obvious: crimes must be defined in advance so that individuals have fair warning of what is forbidden. As the Supreme Court has stated: a lack of notice poses a "trap for the innocent...," *United States v. Cardiff*, 344 U.S. 174, 176, 73 S.Ct. 189, 190, 97 L.Ed. 200 (1952) and "violates the first essential of due process." *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

■ We hold that people of ordinary intelligence would know from reading the sign that the left lane was for passing only. Furthermore, such persons would not have to guess as to whether they were passing another vehicle. It is obvious from the sign that, if a person is not in the process of passing another vehicle, the person is not to be in the left lane. We think that a person of ordinary intelligence would know when the person is no longer passing a vehicle and must move from the left lane. See *Margraves v. State*, 34 S.W.3d 912 (Tex.Cr.App.2000).

■ Furthermore, we hold that the traffic control sign does not encourage arbitrary and erratic arrests and convictions. The basic policy matters are not delegated to law enforcement authorities. The standards to apply are explicit. If it is in the left lane, the vehicle should be in the process of passing other vehicles. If it is not passing other vehicles, the vehicle should not be in the left lane. We think that the language of the traffic control sign provides guidance to law enforcement authorities to such a degree that improperly-motivated selective enforcement is obviated. See *Bynum v. State, supra* at 775.

Because Officer Allen made a valid traffic stop and because when the officer looked into the automobile he saw in "plain view" what appeared to be methamphetamine, the trial court did not err in denying Baker's and Britt's motions to suppress the evidence. See *Walter v. State*, 28 S.W.3d 538 (Tex.Cr.App.2000); see also *Powell v. State*, 898 S.W.2d 821 (Tex.Cr. App.1994), and *Harrison v. State*, 929 S.W.2d 80 (Tex.App.—Eastland 1996, pet'n ref'd) (automobile exception).

The judgment of the trial court in each case is affirmed.