PD-0077-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/21/2015 11:02:53 AM
Accepted 7/21/2015 11:21:57 AM
ABEL ACOSTA
CLERK

PD-0077-15

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

## OF THE STATE OF TEXAS

STEVEN COLE                                                    APPELLANT

V.

THE STATE OF TEXAS                                            APPELLEE

Appeal from Gregg County
124th District Court No. 41,312-A

* * * * * * * *

No. 06-13-00179-CR
Sixth Court of Appeals
2014 Tex.App.LEXIS 13498, 2014 WL 7183859

* * * * * * * *

APPELLANT'S REPLY BRIEF

* * * * * * * *

EBB B. MOBLEY
State Bar # 14238000
Attorney at Law
422 North Center Street-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone: 903-757-3331
Facsimile: 903-753-8289
ebbmob@aol.com

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REPLY TO QUESTIONS ONE AND TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3-4

      The Court of Appeals conducted a proper analysis of possible
exigent circumstances justifying a warrantless blood draw.

REPLY TO QUESTION THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

      That a warrantless blood draw pursuant to Texas Transportation
Code §724.012(b) violates the Fourth Amendment has been established
in *Villarreal v. State,* No. PD-0306-14, slip op. 11/26/14, reh'g granted.

REPLY TO QUESTION FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5-6
      There is no good faith exception to the Fourth Amendment
requirement for a warrantless blood draw in Texas.

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

# INDEX OF AUTHORITES

**Cases**

*Davis v. Mississippi,* 394 U.S. 721, 724 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Davis v. United States,* 131 S. Ct. 2419, 2427 (2011) . . . . . . . . . . . . . . . . . . . . . . .5

*Douds v. State,* 434 S.W.3d 842, 861 (Tex.App. - Houston [14[th] Dist.]
    2014, (en banc) (pet. granted). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Howard v. State,* 617 S.W.2d 191, 193 (Tex.Crim.App. 1979)
    (op. on reh'g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Mapp v. Ohio,* 367 U.S. 643, 655 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Missouri v. McNeely,* 133 S. Ct. 1552 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*State v. Villarreal,* PD-0306-14, reh'g granted. . . . . . . . . . . . . . . . . . . . . . . . . . 1,4

**Statutes**

Code of Criminal Procedure Art. 38.23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Transportation Code §724.012(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**REPLY TO QUESTIONS ONE AND TWO**

**The Court of Appeals conducted a proper analysis of possible exigent circumstances justifying a warrantless blood draw.**

ARGUMENT

In *Missouri v. McNeely,* 133 S. Ct. 1552, the Supreme Court considered and rejected *Missouri's* claim that "so long as the officer has probable cause and the blood test is conducted in a reasonable manner, it is categorically reasonable for law enforcement to obtain the blood sample without a warrant." 133 S. Ct. at 1560-61. The *McNeely* Court refused to recognize a per se exigency justifying a warrantless search and held, "consistent with general Fourth Amendment principles, that exigency in this context must be determined case by case based on the totality of the circumstances." *Id.* at 1556.

*McNeely* reaffirmed that a warrantless search of a person for the purpose of gathering evidence in a criminal investigation can be justified "only if it falls within a recognized exception" to the warrant requirement, and that this principle applies to compulsory blood collection during a DWI investigation. *Id.* At 1558; The Court did not hold that dissipation of a substance in the bloodstream creates a per se exigency . . . in all drunk driving cases.

The State called Justin Schwane as a toxicology expert to describe his analysis performed on a blood sample from Respondent. The substance in question was only methamphetamine, not alcohol. Schwane's testimony is replete with references to "therapeutic" dosages of methamphetamine in the sample. 4 RR 15, 20, 21, 22, 24, 25. He could not say that Steven Cole was intoxicated. 4 RR 22.

Would a significant delay in testing negatively affect the probative value of the test results? There is no evidence in this case about the dissipation rate of methamphetamine in the blood or the effect of delay in drawing a sample.

## REPLY TO QUESTION THREE

That a warrantless blood draw pursuant to Texas statutes violates the Fourth Amendment has been established by *State v. Villarreal,* No. PD-0306-14, reh'g granted.

## ARGUMENT

In *State v. Villarreal,* PD-0306-14, slip op. 11/24/14, reh'g granted, this Court held the implied consent and mandatory blood draw statutes in the Transportation Code do not create an exception to the Fourth Amendment warrant requirement to permit a warrantless taking of blood.

The issue in *Villarreal* focuses on validity of consent as a statutory exception to the Fourth Amendment requirement for a search warrant.

In this case the issue is on the exigent circumstance exception to the search warrant requirement. The State does not challenge the "totality of the circumstances" balancing test approved in *McNeely.*

The question of exigency comes out of the facts at bar hinges on the substance involved - methamphetamine - and its dissipation rate in the blood of the driver. There is no evidence of this process in the trial record.

There is no good faith exception to the Fourth Amendment requirement for a warrantless blood draw in Texas.

ARGUMENT

The State seeks to involve the "good-faith reliance" exception to the Fourth Amendment to avoid suppression of the blood test results in this case. The opinion below discusses both the federal and Texas good-faith exceptions.

The exclusionary rule is not found anywhere in the United State's Constitution. Rather, it is a court-created remedy for violations of the Fourth Amendment. The United States Supreme Court held that "all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court." *Mapp v. Ohio,* 367 U.S. 643, 655 (1961). "The exclusionary rule was fashioned as a sanction to redress and deter overreaching governmental conduct prohibited by the Fourth Amendment." *Davis v. Mississippi,* 394 U.S. 721, 724 (1969). The exclusionary rule is a "last resort" sanction designed to deter police misconduct. *Davis v. United States,* 131, S. Ct. 2419, 2427 (2011).

Unlike the federal rule, the Texas good-faith exception is a statutory rule that provides an exception to the exclusion of unlawfully obtained evidence only if the law enforcement officer was "acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." CODE CRIM. PROC. art. 38.23(b); see *Douds v. State,* 434 S.W.3d 842, 861 (Tex.App. - Houston [14th Dist.] 2014, (en banc) ( pet. granted). The Texas "Court of Criminal Appeals has previously rejected an effort to broaden the [Texas] good-faith exception using federal precedent . . ." *Douds,* 434 S.W.3d at 861-62 (citing *Howard v. State,* 617 S.W.2d 191, 193 (Tex.Crim.App. 1979) (op. on reh'g) (declining to apply federal good-faith doctrine to Texas statutory good-faith exception)). Since "the Texas good

faith exception is more limited than the scope of its federal counterpart . . . an officer's good faith reliance on the law or existing precedent is not recognized as an exception to the Texas exclusionary rule."

The State seeks a harm analysis in the event that the warrantless blood draw at bar is found wanting. Such an analysis was performed by the majority opinion below at pp. 21.22.

PRAYER FOR RELIEF

Respondent respectfully requests this Honorable Court affirm the judgment of the Court of Appeals.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center Street-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone 903-757-3331
Facsimile 903-753-8289
ebbmob@aol.com


/s/ EBB B. MOBLEY
EBB B. MOBLEY
Attorney for Appellant
State Bar License # 14238000

## CERTIFICATE OF COMPLIANCE

I certify that this reply brief contains 6083 words according to the computer program used to prepare the document.

/s/ EBB B. MOBLEY
EBB B. MOBLEY

## CERTIFICATE OF SERVICE

I certify that a copy of this reply brief was provided to Gregg County Assistant District Attorney Zan Brown, 101 East Methvin, Suite 333, Longview, Texas 75601, and to the Office of the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 on the 21st day of July, 2015, by efile.

/s/ EBB B. MOBLEY
EBB B. MOBLEY,
Counsel for Appellant Steven Cole