**Opinion filed August 11, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00016-CR

_____

## MARIO ALBERTO SILLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25561A**

### O P I N I O N

Mario Alberto Siller appeals his conviction for possession of methamphetamine. Appellant pleaded guilty to the offense after the trial court denied his motion to suppress evidence seized pursuant to a search warrant. Under the terms of a plea bargain, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years. In one issue on appeal, Appellant asserts that the trial court erred when it denied his motion to suppress because the Penal Code section that served as the basis

for the issuance of the search warrant was declared unconstitutional. We reverse and remand.

*Background Facts*

On May 15, 2013, a Taylor County district judge issued a search and arrest warrant for Appellant. The affidavit in support of the warrant alleged that Appellant had committed the offense of improper photography or visual recording in violation of the former version of Section 21.15(b)(1) of the Texas Penal Code.[1] The warrant authorized the search of Appellant's home for evidence of the alleged offense. When police searched Appellant's home pursuant to the warrant, they found less than one gram of methamphetamine. Appellant was indicted in September 2013 for both improper visual recording and possession of methamphetamine.

During the pendency of the underlying case, the Court of Criminal Appeals ruled in *Ex parte Thompson* that, to the extent that it proscribed taking photographs and recording visual images, subsection (b)(1) of Section 21.15 was facially unconstitutional in violation of the freedom of speech guarantee of the First Amendment. 442 S.W.3d 325, 330 (Tex. Crim. App. 2014). After *Thompson*, the State dropped the improper photography charge.

In February 2015, Appellant filed a motion to suppress evidence with respect to the remaining methamphetamine charge. He premised the motion on the contention that the statute upon which the arrest and search warrant were issued was subsequently found to be unconstitutional in *Thompson*. The trial court held a hearing on the motion to suppress in February 2015 on stipulated facts. Appellant argued that the search warrant was void because the improper video recording statute

---

[1]Act of May 18, 2007, 80th Leg., R.S., ch. 306, § 1, 2007 Tex. Gen. Laws 582, *invalidated in part by Ex parte Thompson*, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014), *amended by* Act of May 30, 2015, 84th Leg. R.S., ch. 955, § 2, 2015 Tex. Sess. Law Serv. 3393–94 (West). All references to Section 21.15 in this opinion are to the former version declared unconstitutional by the Court of Criminal Appeals in *Thompson*.

had been declared unconstitutional. The State responded to Appellant's contention by asserting that the statute was still valid at the time the warrant was issued and that the officers acted in good faith in seeking a warrant based upon a statute that had not yet been invalidated.

The trial court denied Appellant's motion to suppress and issued written findings of fact and conclusions of law. The trial court found that there was no evidence that officers did not act in good faith in alleging a violation of the offense of improper visual recording and that there was no evidence that the officers knew or had any reason to believe the statute was unconstitutional. The trial court also determined that the supporting affidavit for the warrant established probable cause for the magistrate to issue the warrant.

*Analysis*

In his sole issue on appeal, Appellant argues that the trial court erred when it denied his motion to suppress. A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). We normally review a trial court's ruling on a motion to suppress by using a bifurcated standard of review, where we give almost total deference to the historical facts found by the trial court and review de novo the trial court's application of the law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (citing *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)). However, when the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations; rather, the trial court is constrained to the four corners of the affidavit. *Id.* (citing *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004)).

Under Texas law, "[n]o search warrant shall issue . . . unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance" and "[a] sworn affidavit setting forth substantial facts

3

establishing probable cause" is filed with the search warrant request. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2015). "[T]hat a specific offense has been committed" is one of the components of probable cause. *Id.* art. 18.01(c).

Appellant asserts that the search warrant affidavit failed to establish probable cause because his alleged conduct in violation of Section 21.15(b)(1) did not constitute a crime because that subsection of the statute was subsequently declared unconstitutional. He contends that "[a] statute that is unconstitutional on its face is void *ab initio*, and cannot, therefore, provide a legal basis for anything, including a search warrant affidavit." He cites the following portion of Judge Cochran's concurring opinion in *Ex parte Chance* in support of this proposition:

> Generally, a statute that has been declared unconstitutional is void from its inception and cannot provide a basis for any right or relief. It is thus the general rule that an unconstitutional statute, even though it has the form and name of law, in reality is not law and in legal contemplation is as inoperative as if it had never undergone the formalities of enactment.

*Ex parte Chance*, 439 S.W.3d 918, 918–19 (Tex. Crim. App. 2014) (per curiam) (Cochran, J., concurring) (quoting 12B TEX. JUR. 3D *Constitutional Law* § 57, at 97 (2012)[2]). The Court of Criminal Appeals subsequently reiterated the principle that a void statute never existed. *See Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015). The court "recognized that 'an unconstitutional statute is void from its inception' and that '"when a statute is adjudged to be unconstitutional, it is as if it had never been"' and that such 'an unconstitutional statute is stillborn[.]'" *Id.* (alteration in original) (quoting *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim.

---

[2]The current version of the "hornbook law" cited by Judge Cochran further provides that "[s]uch a statute leaves the question that it purports to settle just as it was prior to its ineffectual enactment. It is invalid and imposes no duties, confers no rights, creates no office, bestows no power, affords no protection, and justifies no acts performed under it." 12B TEX. JUR. 3D *Constitutional Law* § 57 (2016).

4

App. 1988)). "[A]n unconstitutional statute in the criminal area is to be considered no statute at all." *Id.* (quoting *Reyes*, 753 S.W.2d at 383).

The United States Supreme Court addressed a similar situation in *Michigan v. DeFillippo*, 443 U.S. 31 (1979). The Court held that an arrest was not rendered unreasonable for Fourth Amendment purposes simply because the offense for which the defendant was arrested was later declared to be unconstitutional. *Id.* at 37–39. The Court observed that "[p]olice are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality."[3] *Id.* at 38. The Court concluded that the arresting officer had "abundant probable cause" to arrest the defendant for an offense that had not yet been declared unconstitutional. *Id.* at 37.

In *Howard v. State*, 617 S.W.2d 191 (Tex. Crim. App. 1979), the Court of Criminal Appeals addressed *DeFillippo* soon after its issuance. The Court of Criminal Appeals expressly rejected the "good faith doctrine" recognized in *DeFillippo* for the federal exclusionary rule and held that, "as a matter of state law, independently of the standard announced in *DeFillippo*, . . . evidence seized incident to an arrest under an unconstitutional law is excludable under Texas law." 617 S.W.2d at 192–94 (citing *Baker v. State*, 478 S.W.2d 445 (Tex. Crim. App. 1972)) (addressing the issue in the original opinion and clarifying it in the opinion on the State's motion for rehearing). Legal commentators have characterized the holding in *Howard* as a "quite different approach as a matter of state law" than the federal approach adopted in *DeFillippo*. 40 George E. Dix et al., *Texas Practice Series: Criminal Practice and Procedure* § 10.40 (3d ed. 2015).

---

[3]The Court noted a "possible exception" if the law is "so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." *DeFillippo*, 443 U.S. at 38.

5

The Court of Criminal Appeals cited TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005) in *Howard* as a basis for its determination that our state's exclusionary rule differs from the federal exclusionary rule. 617 S.W.2d at 193–94. The Texas exclusionary statute is "broader than its federal counterpart" and therefore more protective of individual rights. *Miles v. State*, 241 S.W.3d 28, 34 (Tex. Crim. App. 2007); *see Perez v. State*, No. 14-14-00887-CR, 2016 WL 2605755, at *11–13 (Tex. App.—Houston [14th Dist.] May 5, 2016, no pet.) (discussing the differences between the federal exclusionary rule and the Texas exclusionary statute); *McClintock v. State*, 480 S.W.3d 734 (Tex. App.—Houston [1st Dist.] 2015, pet. granted) (same). Article 38.23 was amended in 1987,[4] after *Howard* was issued, to provide for a good faith exception that provides as follows: "(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." The State contends that the Article 38.23(b) exception is applicable to this case because the officers acted in good faith reliance upon an affidavit issued by a magistrate. We conclude that the statutory exception is not applicable.

The plain wording of Article 38.23(b) "*requires a finding of probable cause*" in order for the good faith exception to apply. *Curry v. State*, 808 S.W.2d 481, 482 (Tex. Crim. App. 1991) (quoting *Gordon v. State*, 801 S.W.2d 899, 912–13 (Tex. Crim. App. 1990), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681, 685, 690 (Tex. Crim. App. 1991)). As the Court of Criminal Appeals explained, it is not enough under Article 38.23(b) that the officer had a good faith belief that probable cause existed—as is the case under the federal exclusionary rule. *Id.* (citing

---

[4]*See* Act of May 29, 1987, 70th Leg., R.S., ch. 546, 1987 Tex. Gen. Laws 2207 (codified at CRIM. PROC. art. 38.23(b)).

*United States v. Leon*, 468 U.S. 897 (1984)). Instead, Article 38.23(b) requires that probable cause must actually exist in order for the exception to be invoked. *Id.*

The First District Court of Appeals recently addressed a similar situation in *McClintock*. Officers obtained a search warrant primarily based upon information obtained from a warrantless canine sniff of the defendant's front door. 480 S.W.3d at 736–37. At the time of the search, the warrantless canine sniff was proper under binding appellate precedent. *Id.* The United States Supreme Court subsequently declared warrantless searches of this type to be unconstitutional. *Id.* (citing *Florida v. Jardines*, 133 S. Ct. 1409 (2013)). On remand from the Court of Criminal Appeals, the court of appeals concluded in *McClintock* that the exception in Article 38.23(b) only applies "in cases involving technical defects in warrants, not warrants with defects concerning probable cause." *Id.* at 743; *see McClintock v. State*, 444 S.W.3d 15, 19 (Tex. Crim. App. 2014). The court of appeals held in *McClintock* that the Article 38.23(b) exception did not apply because the search warrant was not supported by probable cause because of the subsequent declaration that the underlying search was unconstitutional.[5] 480 S.W.3d at 743.

Commentators have noted that "Article 38.23(b) has been interpreted as providing only a very limited good faith exception, and that it is not enough for an officer to believe he or she was acting pursuant to a warrant based on probable cause, but rather, the warrant must, in fact, be supported by probable cause." 1 D. Mark Elliston et al., *Texas Practice Guide: Criminal Practice and Procedure* § 10.46 (2016 ed.) (citing *Gordon*, 801 S.W.2d at 912–13); *see* Dix, *supra*, § 7.67 (same). Professors Dix and Schmolesky have opined that Article 38.23(b) "makes no provision for evidence obtained in reliance upon a statute later held invalid . . . and

---

[5]We note the extensive dissenting opinion by Justice Keyes in *McClintock*. 480 S.W.3d at 744–54. We further note the fact that the Court of Criminal Appeals has granted the State's petition for discretionary review in *McClintock*.

[Article 38.23(b)] leaves considerable doubt whether the courts have authority to develop any such exception." Dix, *supra*, § 7.61.

Based upon our reading of the current authority from the Court of Criminal Appeals, we conclude that the search warrant at issue in this case was not supported by probable cause. Recent cases establish that criminal statutes declared unconstitutional are void *ab initio*. Accordingly, the search warrant in this case was not supported by probable cause because the Penal Code section upon which it was based was later declared to be unconstitutional. *See Thompson*, 442 S.W.3d at 330. The absence of probable cause to support the search warrant precludes the application of the good faith exception contained in Article 38.23(b). *See McClintock*, 480 S.W.3d at 743. We sustain Appellant's sole issue on appeal.

*This Court's Ruling*

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.


JOHN M. BAILEY
JUSTICE

August 11, 2016

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.