

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1641-15

**BRADLEY RAY McCLINTOCK, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**ALCALA, J., filed a dissenting opinion.**

### DISSENTING OPINION

Because rules of statutory construction require this Court to apply a statute in accordance with its plain language, I would affirm the court of appeals's holding that the evidence obtained against Bradley Ray McClintock, appellant, must be suppressed under Article 38.23 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 38.23. I agree with the court of appeals's determination that, under the plain language of the statute, the general rule in Article 38.23(a) requires the exclusion of the evidence because

the Texas good faith exception in Article 38.23(b) does not apply to this case. *See id*.; *McClintock v. State*, 480 S.W.3d 734, 743-44 (Tex. App.—Houston [1st Dist.] 2015). Under its plain language, the exception in Article 38.23(b) applies when the warrant was issued by a neutral magistrate "based on probable cause." *See* TEX. CODE CRIM. PROC. art. 38.23(b). This Court has already held that there was no probable cause to support the search warrant that was issued in this case. *McClintock v. State,* 444 S.W.3d 15, 19-20 (Tex. Crim. App. 2014). Given that the plain language in Article 38.23(b) requires the existence of probable cause for the exception in that portion of the statute to apply, and given this Court's former determination that this search warrant was issued in the absence of any probable cause under a correct application of the law, I would apply the general rule in Article 38.23(a) and hold that the evidence must be suppressed. *See* TEX. CODE CRIM. PROC. art. 38.23. For this reason, I disagree with this Court's decision to uphold the search in this case under the rationale that, even though the warrant was issued in the absence of probable cause under a correct view of the law, the search may be upheld under the good faith exception in Article 38.23(b) when the magistrate's mistaken view of the law of probable cause was reasonable under the then-accepted but incorrect articulation of the applicable law. I disagree with this Court's nuanced reading of Article 38.23(b) that is inconsistent with the statute's plain language that expressly requires a warrant "based on probable cause." It is inappropriate to consider extra-textual sources to evaluate the meaning of the plain language in a statute that is not ambiguous. Because the good faith exception in Article 38.23(b) does not apply to this

case under the statute's plain language requirement of a warrant based on probable cause, I would apply the general rule in Article 38.23(a) that requires the exclusion of the evidence. *See* TEX. CODE CRIM. PROC. art. 38.23. I, therefore, respectfully dissent.

## I. Analysis

Under the rules of statutory construction, this Court must apply the plain language of a statute as it is written, and we may not consider extra-textual sources to interpret the statute unless its meaning is ambiguous or its plain language would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). It is necessary, therefore, to begin with the actual language in Article 38.23, which states,

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> ***
>
> (b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based upon probable cause.

TEX. CODE CRIM. PROC. art. 38.23.

The exception in Subsection (b) of Article 38.23 plainly requires that the evidence was obtained pursuant to "a warrant issued by a neutral magistrate based on probable cause." *See id.* Unless such a warrant exists, then the good faith exception is inapplicable under a plain reading of the statute. *See id.*; *State v. Daugherty*, 931 S.W.2d 268, 270 (Tex. Crim. App. 1996) ("[W]here a statute contains an express exception, its terms must apply in all cases not

excepted."). Here, this Court has already held that there was no probable cause in this case under a correct application of the law in existence at the time of the search. *McClintock*, 444 S.W.3d at 19-20. In the absence of a warrant based on probable cause, the plain language of the statute precludes any consideration of whether the officer acted in good faith reliance on the warrant.

That the application of Article 38.23(b) requires a valid warrant based on probable cause is well established under longstanding precedent in this Court. *See Curry v. State*, 808 S.W.2d 481, 482 (Tex. Crim. App. 1991) ("The plain wording of Art. 38.23(b) requires an initial determination of probable cause."). Because an initial determination of probable cause is necessary, the good faith exception in Subsection (b) has been satisfied only in cases involving technical defects in warrants, not warrants issued in the absence of valid probable cause under a correct application of the law. *See, e.g., Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997).

Because the statutory language plainly and rationally requires a warrant "based on probable cause," it is inappropriate to consider extra-textual sources to change the meaning of the statute. *See Boykin*, 818 S.W.2d at 785-86. This Court's majority opinion discusses federal law for purposes of examining whether the good faith exception should apply under these circumstances. Reference to extra-textual sources, however, is improper because this statute is not ambiguous and applying its plain language would not lead to absurd results. Disallowing the results of searches of people's homes when there is no probable cause to

support the search is not an absurd result, and, rather, it is the best way to ensure that people feel secure in their homes. *See* TEX. CONST. Art. I, § 9. Regardless of whether this search might be upheld under federal law, the issue before this Court is one of state statutory interpretation and the plain meaning of the statute's text, and, thus, it is inappropriate to rely on those federal sources in this case.

The majority opinion suggests that, if there was probable cause under the law as it existed when the magistrate issued the warrant, then that triggers the consideration of the good faith exception in Article 38.23(b). But that interpretation of the statute does violence to its plain language that requires that it be "based on probable cause" under the correct application of the law. If, as the majority opinion suggests, some incorrect former view of probable cause will suffice to meet the statutory requirement of a warrant based on probable cause, then all of this Court's precedent, as described above, that has stated otherwise must be abandoned. This Court's new interpretation of this statute will mean that, when a magistrate and search warrant affiant believe that the warrant is being issued based upon probable cause under the existing law, but they are reasonably wrong about the existing law due to this Court's mistaken statements about the law, then the evidence need not be suppressed. This is a novel interpretation of Article 38.23 that is inconsistent with all of this Court's former descriptions of the plain language of this statute. I conclude that this interpretation stretches the statute far beyond its plain language that requires a warrant "based on probable cause." Because the warrant in this case was issued in the absence of valid

probable cause, Article 38.23(b) is inapplicable, and the results of the search must be suppressed under the general rule in Article 38.23(a). *See* TEX. CODE CRIM. PROC. art. 38.23.

## II. Conclusion

I would apply the plain language of this State's statutory law that requires the exclusion of the evidence obtained by a search warrant that was issued in the absence of probable cause. I, therefore, would affirm the judgment of the court of appeals.

Filed: March 22, 2017

PUBLISH