**Opinion filed March 21, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00016-CR
_____

## MARIO ALBERTO SILLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25561A**

### O P I N I O N   O N   R E M A N D

Mario Alberto Siller appealed his conviction for possession of methamphetamine. Appellant pleaded guilty to the offense after the trial court denied his motion to suppress evidence seized pursuant to a search and arrest warrant. Under the terms of a plea bargain, the trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years. In one issue on appeal, Appellant asserted that the

trial court erred when it denied his motion to suppress because the Penal Code section that served as the basis for the issuance of the search and arrest warrant was later declared unconstitutional.

On original submission, we reversed the judgment of the trial court and remanded the case back to the trial court for further proceedings consistent with our opinion. *Siller v. State*, No. 11-15-00016-CR, 2016 WL 4386107 (Tex. App.—Eastland Aug. 11, 2016), *vacated*, No. PD-1052-16, 2017 WL 4401901 (Tex. Crim. App. Oct. 4, 2017) (not designated for publication). The State petitioned for discretionary review. The Court of Criminal Appeals granted the petition, vacated this court's judgment, and remanded the cause for further consideration in light of its recent opinion in *McClintock v. State*, 541 S.W.3d 63 (Tex. Crim. App.), *reh'g denied*, 538 S.W.3d 542 (Tex. Crim. App. 2017). *Siller*, 2017 WL 4401901, at \*1. *McClintock* had not been handed down when we issued our original opinion. Having reconsidered the issue under *McClintock*'s guidance, we resolve it against Appellant and affirm the trial court's judgment.

*Background Facts*

On May 15, 2013, a Taylor County district judge issued a search and arrest warrant for Appellant. The affidavit in support of the warrant alleged that Appellant had committed the offense of improper photography or visual recording in violation of the former version of Section 21.15(b)(1) of the Texas Penal Code.[1] The warrant authorized the search of Appellant's home for evidence of the alleged offense. When police searched Appellant's home pursuant to the warrant, they found less than one

---

[1]Act of May 18, 2007, 80th Leg., R.S., ch. 306, § 1, 2007 Tex. Gen. Laws 582, *invalidated in part by Ex parte Thompson*, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014), *amended by* Act of May 30, 2015, 84th Leg. R.S., ch. 955, § 2, 2015 Tex. Sess. Law Serv. 3393–94 (West). All references to Section 21.15 in this opinion are to the former version declared unconstitutional by the Court of Criminal Appeals in *Thompson*.

gram of methamphetamine. Appellant was subsequently indicted for both improper visual recording and for possession of methamphetamine.

During the pendency of the underlying case, the Court of Criminal Appeals ruled in *Ex parte Thompson* that, to the extent that it proscribed taking photographs and recording visual images, subsection (b)(1) of Section 21.15 was facially unconstitutional in violation of the freedom of speech guarantee of the First Amendment. 442 S.W.3d 325, 330 (Tex. Crim. App. 2014). After *Thompson*, the State dropped the improper photography charge.

Appellant then filed a motion to suppress evidence with respect to the remaining methamphetamine charge. He premised the motion on the contention that the statute upon which the arrest and search warrant were issued was subsequently found to be unconstitutional in *Thompson*. The trial court held a hearing on the motion to suppress on stipulated facts. Because the improper video recording statute was declared unconstitutional, Appellant argued that the warrant was void for lack of probable cause. The State responded to Appellant's contention by asserting that the statute was still valid at the time the warrant was issued and that the officers acted in good faith in seeking a warrant based upon a statute that had not yet been invalidated.

The trial court denied Appellant's motion to suppress and issued written findings of fact and conclusions of law. The trial court found that there was no evidence that officers did not act in good faith in alleging a violation of the offense of improper visual recording and that there was no evidence that the officers knew or had any reason to believe the statute was unconstitutional. The trial court also determined that the supporting affidavit for the warrant established probable cause for the magistrate to issue the warrant.

*Analysis*

In our earlier opinion, we ruled that the trial court erred by denying Appellant's motion to suppress. *See Siller*, 2016 WL 4386107, at *4. In doing so, we concluded that "the search warrant in this case was not supported by probable cause because the Penal Code section upon which it was based was later declared to be unconstitutional." *Id.* (citing *Thompson*, 442 S.W.3d at 330). We also held that the statutory good-faith exception in Article 38.23(b) of the Texas Code of Criminal Procedure did not apply to a warrant issued pursuant to a criminal statute that is later deemed unconstitutional. *Id.* We determined that the absence of probable cause to support the search warrant precluded the application of the good-faith exception. *See id.* In reaching this conclusion, we cited the First Court of Appeals' opinion in *McClintock v. State*, which reached a similar conclusion. 480 S.W.3d 734, 743 (Tex. App.—Houston [1st Dist.] 2015) (holding that the Article 38.23(b) exception did not apply because the search warrant was not supported by probable cause because of the subsequent declaration that the underlying search was unconstitutional), *rev'd*, 541 S.W.3d 63 (Tex. Crim. App. 2017).

The Texas Court of Criminal Appeals reversed the First Court of Appeals' opinion in *McClintock* after we issued our prior opinion in this case. Noting that we did not have the benefit of the *McClintock* decision when we addressed the State's arguments regarding Article 38.23(b), the Court of Criminal Appeals vacated our prior opinion and remanded the matter back to us. *See Siller*, 2017 WL 4401901, at *1. The Court of Criminal Appeals concluded that we should be given an opportunity to consider whether the facts in this case satisfy the test adopted in *McClintock*. *Id.* Accordingly, we must first interpret the scope of the Court of Criminal Appeals' opinion in *McClintock*.

In *McClintock*, the police took a drug-sniffing dog to the defendant's door, where the dog alerted to the presence of drugs. 541 S.W.3d at 65. Based on this

4

information, officers obtained a warrant to search the defendant's residence, and he was subsequently charged with felony possession of marihuana. *Id.* At the time of the drug sniff, the police relied upon then-binding precedent that the dog sniff did *not* constitute a search for Fourth Amendment purposes. *Id.* However, while the case was pending on appeal at the First Court of Appeals, the United States Supreme Court decided *Florida v. Jardines*, which held that a canine drug sniff on the front porch of a home did constitute a "search" for Fourth Amendment purposes. *Id.* (citing *Jardines*, 569 U.S. 1, 11 (2013)).

Under *Jardines*, the dog sniff in *McClintock* "unquestionably violated the Fourth Amendment." *Id.* at 73. Because the officers' conduct was not wrongful at the time the drug sniff was conducted, however, the Court of Criminal Appeals reasoned that the constitutionality of that conduct remained "close enough to the line of validity" to conclude that "an objectively reasonable officer preparing a warrant affidavit would have believed that the information supporting the warrant application was not tainted by unconstitutional conduct." *Id.* at 74. Indeed, prior to *Jardines*, there was no binding precedent that held that a canine drug sniff conducted on the curtilage of a home was unconstitutional. *Id.* Additionally, there was no reason for the officers to question the legal validity of their conduct at the time of the warrant application. *Id.* Therefore, the court concluded that "the officer's subsequent search of the apartment was executed 'in objective good faith reliance'" on the warrant. *Id.* The *McClintock* court determined that the good-faith exception set out in Article 38.23(b) applied so as to except the fruits of the search from the exclusionary rule set out in Article 38.23(a). *Id.*

In *McClintock*, the Court of Criminal Appeals broadened the scope of the good-faith exception of Article 38.23(b). The court had previously remanded the case back to the First Court of Appeals to determine "whether the United States Supreme Court's recent interpretation of the court-made good-faith exception to the

5

federal exclusionary rule . . . should have any application in the construction of our own statutory good-faith exception to our statutory exclusionary rule." *Id.* at 64 (citing *Davis v. United States*, 564 U.S. 229 (2011)); *see McClintock v. State*, 444 S.W.3d 15, 20–21 (Tex. Crim. App. 2014). As noted by the Court of Criminal Appeals, "[t]he Supreme Court's decision in *Davis* dealt with the good-faith exception to the federal, court-made exclusionary rule." *McClintock*, 541 S.W.3d at 67. "The question in *Davis* was whether to apply the federal exclusionary rule 'when police conduct a search in compliance with binding precedent that is later overruled.'" *Id.* (quoting *Davis*, 564 U.S. at 232). "The Supreme Court concluded that '[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule.'" *Id.* (alteration in original) (quoting *Davis*, 564 U.S. at 241).

In *McClintock*, the Court of Criminal Appeals determined that the language of Article 38.23(b) accommodates the federal good-faith exception recognized in *Davis* and *United States v. Leon*, 468 U.S. 897 (1984). *Id.* at 70–72. The court analyzed several federal cases that had examined the interplay between the good-faith exception and the fruit-of-the-poisonous-tree doctrine. *Id.* The court noted that the Fifth Circuit had adopted a two-part test to determine the applicability of the good-faith exception. First, "the prior law enforcement conduct that uncovered evidence used in the affidavit for the warrant must be 'close enough to the line of validity' that an objectively reasonable officer preparing the affidavit or executing the warrant would believe that the information supporting the warrant[] was not tainted by unconstitutional conduct." *Id.* at 71–72 (quoting *United States v. Massi*, 761 F.3d 512, 528 (5th Cir. 2014)). And second, "the resulting search warrant must have been sought and executed by a law enforcement officer in good faith." *Id.* Based on *Massi*, the Court of Criminal Appeals held as follows:

> [T]he good-faith exception of Article 38.23(b) will apply when "the prior law enforcement conduct that uncovered evidence used in the affidavit for the warrant [was] 'close enough to the line of validity' that an objectively reasonable officer preparing the affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct[.]"

*Id.* at 73 (second and third alterations in original) (quoting *Massi*, 761 F.3d at 528).

The Court of Criminal Appeals remanded this case back to our court to give us an opportunity to address the above-quoted holding. *Siller*, 2017 WL 4401901, at *1. We note that the facts in *McClintock* differ from the circumstances in this case. The search warrant in *McClintock* was obtained based upon a predicate search by police officers that was later determined to be tainted by unconstitutional conduct. At the time the predicate search occurred, the officers had no reason to believe that the resulting warrant was tainted. *McClintock*, 541 S.W.3d at 73–74. The Court of Criminal Appeals concluded in *McClintock* that, if an officer reasonably believed that his conduct was valid at the time of the warrant application and execution, a subsequent change in the legal landscape will not preclude the application of the good-faith exception. *Id.*

The officer in this case did not rely upon a predicate search for the information supplied in the affidavit for the search and arrest warrant. Instead, the officer's affidavit supporting the issuance of the warrant detailed that officers received a report from a female that Appellant had videoed her fifteen-year-old daughter in Walmart when the daughter bent over to get a case of water. The female further reported that she witnessed Appellant videoing the "bottoms" of several other young females while in the store. The officer alleged in his affidavit that Appellant had committed the offense of improper photography or visual recording, and he sought an evidentiary search warrant to search Appellant's home for evidence of this alleged offense.

In our earlier opinion, we never reached the question of whether the officer acted in good-faith reliance on the law as it existed at the time because we concluded the subsequent invalidation of the offense on constitutional grounds precluded the possibility that the warrant was "based on probable cause" under all circumstances. *Siller*, 2016 WL 4386107, at *4; *see* CRIM. PROC. art. 38.23(b). Under the holding in *McClintock*, however, "if there was probable cause under the law as it existed when the magistrate issued the warrant, then that triggers the consideration of the good faith exception in Article 38.23(b)." *McClintock*, 541 S.W.3d at 76 (Alcala, J., dissenting) (explaining the effect of the majority opinion). The holding in *McClintock* defines what may permissibly be considered in the assessment of "probable cause"[2] under Article 38.23(b). *Id.* at 67. Rather than "*categorically*" striking illegally obtained information or, as relevant to the facts in this case, the alleged violation of a constitutionally infirm criminal offense, *McClintock* instructs us to consider information that an objectively reasonable officer would rely upon as appropriately obtained evidence. *Id.* at 68.

The offense of improper photography or visual recording as set out in the former version of Section 21.15(b)(1) had not been declared unconstitutional until after the search and arrest warrant in this case had been obtained and executed. Thus, under the rule announced in *McClintock*, an objectively reasonable officer preparing the affidavit and executing the warrant in this case would have believed that the warrant was not tainted by an element that would ultimately be declared to be unconstitutional. Under such circumstances, "[t]o suppress the evidence derived from this warrant would not serve the interest of deterring future constitutional

---

[2]In *McClintock*, the Court of Criminal Appeals noted the commonplace definition of "probable cause": "under the totality of circumstances presented to the magistrate, there is at least a 'fair probability' or 'substantial chance' that contraband or evidence of a crime will be found at the specified location." *McClintock*, 541 S.W.3d at 68 (citing *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010)).

violations." *Massi*, 761 F.3d at 532 (citing *Leon*, 468 U.S. at 919–20); *see Davis*, 564 U.S. at 236–37 (explaining that the purpose of the federal exclusionary rule is to deter future Fourth Amendment violations).[3]  Accordingly, the trial court did not err when it denied Appellant's motion to suppress.  We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

March 21, 2019

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[3]The Supreme Court further noted in *Davis* that the purpose of the federal exclusionary rule is not to punish the error of legislators in the case of a statute that is later declared invalid.  564 U.S. at 239 (citing *Illinois v. Krull*, 480 U.S. 349–50 (1987)).

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.